DANIEL G. SWANSON, SBN 116556
    dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071
Telephone:    213.229.7000
Facsimile:    213.229.7520

CYNTHIA E. RICHMAN (*pro hac vice*)
    crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036
Telephone:    202.955.8500
Facsimile:    202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
    jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE APP DEVELOPER ANTITRUST LITIGATION (PROTON/KPA) | Case No. 4:25-cv-4438-YGR |

**DEFENDANT APPLE INC.'S SUPPLE-MENTAL BRIEF IN FURTHER SUP-PORT OF MOTION TO DISMISS**

**Hearing:**
Date:        July 7, 2026
Time:        9:00 a.m.
Place:        Courtroom 1
Judge:        Hon. Yvonne Gonzalez Rogers

In *Epic Games, Inc. v. Apple Inc.*, 161 F.4th 1162 (9th Cir. 2025), the Ninth Circuit affirmed in part and reversed in part the injunction and civil contempt order entered in that case. The Ninth Circuit's decision supports dismissal of this case in two ways.

**1. International Comity Warrants Dismissal of the Foreign-Law Claims (Counts IV–VI).** The Ninth Circuit's modification in part of this Court's contempt order illustrates the complexities that attend remedial issues in cases with unfair-competition claims, including those involving the App Store. In its contempt order, this Court placed "six proscriptive restrictions on Apple's conduct." *Epic*, 161 F.4th at 1183. On appeal, the Ninth Circuit upheld some of those restrictions, "modif[ied] part[s] of" the contempt order, and "remand[ed] to [this Court] for further modification" of other parts of the order. *Id.* at 1183; *see id.* at 1184–88. The modification process will entail at least further proffers and discovery before the Court can "tailor the Injunction modification to the underlying [legal] violation." *Id.* at 1187 n.9; *see Epic*, No. 4:20-cv-05640 (N.D. Cal. May 20, 2026), Dkt. 1687.

These proceedings illustrate how "difficult" it is to fashion remedies for digital platforms under familiar *state* law. *Epic*, 161 F.4th at 1181. Those issues will be more complex if the Court must also grapple with the requirements and limits of Korean and Japanese law. *See* Dkt. 44 ¶¶ 355–56, 364 (seeking injunctive relief under Korean law for alleged violations concerning commissions and developer links); *id.* ¶¶ 374–80 (same under Japanese law). One of the Japanese laws at issue, for example, went into effect only in December; unsurprisingly, there is "considerable uncertainty" even within Japan about how it operates and, at this time, no precedent for any remedial application. Dkt. 45-7 ¶¶ 16–17; *see* Dkt. 45 ("Mot.") at 21–22; Dkt. 57 ("Reply") at 13–14. Plaintiffs seek to wield these foreign laws to reshape different App Store storefronts on behalf of multiple putative classes of foreign developers. *See*, *e.g.*, Dkt. 44 ¶¶ 54–55, 364, 380. Rather than seek to adjudicate the numerous, complex, and sometimes-novel issues that Plaintiffs' foreign-law claims implicate, the Court should dismiss those claims on international-comity grounds. Mot. 19–23; Reply 12–15.

Indeed, there is no sound reason for this Court to confront the many "unique" challenges Korean and Japanese law present. Mot. 22. To the contrary, Korea's and Japan's "strong interest[s]" in "the applicability of [their] laws" counsel firmly in favor of allowing *those countries'* courts to address "the nuances of [their] civil law[s]." *Cooper v. Tokyo Elec. Power Co. Holdings, Inc.*, 960 F.3d 549, 567

Gibson, Dunn &
Crutcher LLP

1

(9th Cir. 2020); *see* Mot. 20–22; Reply 13.  Dismissal of the Korean- and Japanese-law claims on international-comity grounds—so that they can be brought, if at all, in Korean or Japanese courts—therefore remains the soundest course of action given the host of foreign-law issues that would be presented in this case.  *See* Mot. 20–22 (listing examples).

**2. Plaintiffs' Reliance on This Court's Rulings in *Epic* Dooms Their Sherman Act Claims (Counts I & II).**  As Apple explained in its motion to dismiss, Plaintiffs' extensive reliance on this Court's findings and conclusions in the *Epic* litigation means they have incorporated those findings and conclusions by reference into their Complaint.  Mot. 16; Reply 7.  In its recent decision, the Ninth Circuit reiterated that those determinations produced "a mixed result."  *Epic*, 161 F.4th at 1172.  Specifically, the court reiterated that this Court had "dismissed the antitrust claims" because, based on its findings, neither Apple's centralized App Store model nor its IAP requirement for purchases within iOS apps violated the Sherman Act.  *Id.* at 1172–73.  That is precisely the problem with Plaintiffs' attempt to incorporate into their pleadings only cherry-picked portions of the earlier *Epic* decisions: Plaintiffs' incorporation of certain findings and conclusions in *Epic* about, say, market definition, market power, and effects on competition, *see* Mot. 15–16, requires the incorporation of the Court's accompanying determinations "in Apple's favor" on those issues—which are fatal to Plaintiffs' Sherman Act claims, *Epic*, 161 F.4th at 1172–73; *see* Mot. 14–16; Reply 7–9.

*     *     *

Apple's other grounds for dismissal are unaffected by the Ninth Circuit's most recent *Epic* decision.  As explained in Apple's motion to dismiss, the associational plaintiffs have fatal standing problems (Mot. 6–7; Reply 2–4), Plaintiffs' Sherman Act and UCL claims are untimely (Mot. 10–14; Reply 4–7), Plaintiffs fail to properly plead a UCL claim (Mot. 16–18; Reply 9–10), and the choice-of-law provision bars Plaintiffs' foreign-law claims (Mot. 18–19; Reply 10–11).  Nothing in the recent *Epic* decision affects the legal merit of these arguments.

The Court should dismiss the Complaint.

Gibson, Dunn & Crutcher LLP

2

Dated:  June 1, 2026

GIBSON, DUNN & CRUTCHER LLP

*/s/ Cynthia E. Richman*
Cynthia E. Richman

*Attorney for Defendant Apple Inc.*

3

DEFENDANT APPLE INC.'S SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS
CASE NO. 4:25-cv-4438-YGR