*[Counsel listed on signature page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE APP DEVELOPER ANTITRUST LITIGATION (PROTON/KPA) | Case No. 4:25-cv-04438-YGR<br><br>CLASS ACTION<br><br>**STIPULATED PROTECTIVE ORDER** |

The Parties, by and through their respective counsel, hereby agree and stipulate, subject to the approval of the Court, that the following Protective Order shall apply in this case:

## 1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2.  DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4     Designated In-House Counsel: In-House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items: Exceptionally sensitive "Confidential Information or Items," disclosure of which to another Party, including that Party's Designated In-House Counsel, or Non-Party would create a substantial risk of harm that could not be avoided by less restrictive means.

2.10    In-House Counsel: attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18    Related Actions: refers to any action with which this action is formally related pursuant to Civil L.R. 3-12.

## 3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4.  DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion

and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent that it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

Where the Designating Party reproduces materials previously produced in another matter, the Designating Party may maintain the same confidentiality designations that were applied in the prior matter without conducting additional review as to the appropriate designation for such materials.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this

Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."   If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Disclosure or Discovery Material in the Related Actions: Any Disclosure or Discovery Material that had previously been produced, disclosed, or generated in the Related Actions, which

bear any of the legends identified in 5.2 ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" and are made available in this action, shall be treated accordingly and as if so designated by the Producing Party in this action, and all provisions of this Order shall apply. If any rulings in any of the Related Actions de-designate or reduce the designation of such Disclosure or Discovery Material, then those rulings shall apply with equal force to the same material(s) in this action.

5.4     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A

Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery Motions.  The parties may file a joint letter brief regarding retaining confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Failure by a Designating Party to file such discovery dispute letter within the applicable 21- or 14-day period (set forth above) with the Court shall automatically waive the confidentiality designation for each challenged designation. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  If, after submitting a joint letter brief, the Court allows that a motion may be filed, any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  The Court, in its discretion, may elect to refer the discovery matter to a Magistrate Judge.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a letter brief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.  ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

For the avoidance of doubt, a third-party funder of litigation is not entitled to receive any information or item designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," OR "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" unless permitted in writing by the Designating Party.  A Party's outside counsel is not a third-party funder of litigation for purposes of this provision.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or a similar undertaking;

(g) during their deposition, a witness in the action to whom disclosure is reasonably necessary and: (i) who has signed the "Acknowledgement or Agreement To Be Bound" that is attached hereto as Exhibit A; or (ii) who has been advised on the record that the information or item is subject to a protective order and cannot be disclosed, and who also is an author or recipient of the information or item, or a custodian or other person who otherwise possessed or knew the information, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i) others as to whom the Designating Party has agreed may receive the Protected Material.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Designated In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have signed the "Acknowledgment and Agreement to

Be Bound" attached hereto as Exhibit A, and who are not involved in competitive decision-making relating to the subject matter of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information at issue. Prior to any disclosure under this provision, the Receiving Party shall identify each proposed Designated In-House Counsel in writing. Within seven (7) days of receiving such notice, the Designating Party may object in writing, stating with particularity the grounds for the objection. The parties shall meet and confer in good faith. If the objection is not resolved, the Designating Party shall bear the burden of seeking relief from the Court. No disclosure shall be made to the proposed Designated In-House Counsel pending resolution of the objection;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one;

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or a similar undertaking

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) others as to whom the Designating Party has agreed may receive the Protected Material.

7.4 Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or a similar undertaking;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) others as to whom the Designating Party has agreed may receive the Protected Material.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" that Party must:

(a) promptly notify the Designating Party in writing. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify the Party, in writing, who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. PRIVILEGE AND DOCUMENTS PROTECTED FROM DISCOVERY

No Producing Party intends to waive any rights or protections pursuant to privacy, confidentiality, attorney-client privilege, attorney work product, and any other privileges, protections, or objections to discovery. The Parties preserve all such rights, protections, and privileges.

Pursuant to Federal Rule of Evidence 502(d), the production of any Discovery Material, whether inadvertent or otherwise, in this proceeding shall not, for purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the Producing Party of any privilege or protection applicable to that Discovery Material, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. A party is not precluded by this Order from arguing that privilege has been waived for reasons other than inadvertent disclosure of Discovery Material.

**Privilege Log**. Documents withheld from discovery on the basis of attorney-client privilege, attorney work-product protection, or any other applicable privilege or protection will be described on a Microsoft Excel log containing information sufficient to enable the receiving Party to evaluate the claims made. For each entry, the log must include the following information: Unique Document Identifier, Beginning Bates Number (if assigned), File Name and File Extension (where applicable), All Custodians, From, To, CC, BCC, Subject, UTC Date and Time, Basis for Withholding (e.g., Attorney-Client Communication) (including identifying the attorney relevant to the privilege), Indication of Whether Document Is Withheld in Whole or Merely Redacted, and the Document Description. The privilege log may be generated, in part, using available metadata, including the date and time sent; author/recipient or to/from/cc names; a description of the document; and the privilege claimed. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing Party shall include the unaccounted-for fields in the privilege log, to the extent such fields are ascertainable from the face of the document. Privilege logs should be produced within forty-five days of the date of the withholding of such documents from production. Challenges to documents withheld for privilege may be made after this deadline notwithstanding that any deadline for Party document discovery has passed. Parties must identify lawyers on their privilege logs in one of two ways: (1) they may provide the other Parties with a list with the privilege log that names the lawyers on the list, identifying whether they are in-house or external counsel, or (2) they may designate in-house attorney names with an asterisk, and designate outside counsel attorney names with a double asterisk. To the extent attorneys are not identified in the above fields, they shall be identified in the Description or in a separate field. Privileged communications concerning the litigation that include trial counsel attorney names in the To, From or CC fields that post-date the filing of the original complaint on May 23, 2025, need not be included on the privilege log. A single document containing multiple email messages (i.e., in an email chain) may be logged as a single entry.

The privilege log shall contain a worksheet listing the name, title, company or firm, and email address of each attorney who appears on the log, as well as a list of all law firms and companies with which those attorneys were associated at the time of the creation of the documents on the log

concerning those attorneys, provided that for threaded emails, a Party is not required to itemize every attorney appearing on inclusive emails. Non-inclusive emails that are wholly contained within an inclusive produced thread need not be logged separately. The Parties may agree to categorical logs for voluminous, homogeneous families of documents, provided the categories are disclosed with sufficient specificity.

**Redactions**. The Parties may redact information that is (1) privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity, (2) protected personal information subject to non-disclosure obligations imposed by governmental authorities, with confidentiality issues addressed in the first instance through the Protective Order. Each redaction shall identify its basis on the face of the document. The privilege-log requirements that apply to documents withheld in full (as set forth above) also apply to redactions; accordingly, for any withholding or redaction asserted on the basis of the attorney-client privilege, attorney-work-product protection, or any other applicable privilege or protection from discovery, the Producing Party shall provide privilege log entries sufficient to permit evaluation of the privilege or protection claim and, if appropriate, challenge. The Producing Party shall provide a single, consolidated privilege log that includes entries for both documents withheld in full and documents produced with redactions, unless otherwise agreed by the Parties or ordered by the Court. Upon a challenge to a privilege or protection claim, the Producing Party shall consider producing minimally redacted versions or targeted re-productions. Redactions shall not be based solely on non-responsiveness or relevance. Where ESI requires redaction prior to production, the file will be rendered in TIFF/JPG, and the TIFF/JPG will be redacted and produced. The producing Party will provide searchable OCR text for those portions, including hidden content, and the Producing Party shall securely preserve the documents that have not been redacted. If documents are produced with redactions, an electronic copy of the original, unredacted document shall be securely preserved in such a manner so as to preserve without modification, alteration or addition the content of such document, including any metadata therein.

**Clawbacks.**  The Parties have agreed upon a "clawback" process pursuant to Federal Rule of Civil Procedure 26(b)(5) and reserve rights to assert privilege to produced documents.

The Party making the claim may notify the recipient Party of the claim and the basis for it. If the Producing Party notifies the Receiving Party of the production of materials that are subject to a claim of privilege or protected material (the "Identified Materials"), each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party or destroy such Protected Material or Discovery Material, and, if destroyed, certify as such by the Receiving Party to the Producing Party.

The Party making the clawback privilege claim shall provide a privilege log containing entries for clawed-back materials within 14 days after making any clawback privilege claim.  If the set of clawed-back materials is voluminous, such that it would be unduly burdensome to provide a privilege log within 14 days after making the clawback privilege claim, the Party making the clawback privilege claim shall notify the Receiving Party within seven days after making the clawback privilege claim and the Parties shall meet and confer concerning a process for expeditious resolution of any privilege disputes concerning the clawed-back material, for which a privilege log will be provided no later than 45 days after the clawback privilege claim was made.

Nothing herein is intended to shift the burden imposed by law, in the event of a challenge by any Receiving Party, of establishing the privileged or protected nature of any privileged or protected information.  Nothing herein is intended to or shall serve to limit any Producing Party's rights to conduct a review of documents or ESI (including metadata) for relevance, responsiveness, and/or privilege or protection from discovery before production.

**12. MISCELLANEOUS**

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

12.4    Generative Artificial Intelligence. Receiving Parties shall implement restrictions regarding the disclosure or use of Producing Parties' Protected Material in any generative artificial intelligence ("GenAI"), large language model ("LLM"), or other similar technology. Such restrictions must limit the collection, storage, disclosure, use of, or access to Producing Parties' Protected Material solely to personnel and purposes authorized by this Order. The restrictions must prohibit the disclosure or use of Producing Parties' Protected Material in any such technology that is (1) accessible by anyone not permitted by this Protective Order to have access or (2) will capture entered data in order to train what is accessible by anyone not permitted by this Protective Order to have access.

Before a Receiving Party transfers any Producing Party's Protected Material to be analyzed by such technology, the Receiving Party shall make reasonably sure that it can delete all such Protected Material and any derivatives from the platform at the Final Disposition of this action, as defined in Section 5. The Receiving Party will be responsible for destroying such Protected Material following Final Disposition, including any machine-learning models trained on Protected Material. This provision shall not be interpreted to preclude Receiving Parties from using standard Technology-Assisted Review (TAR) tools to analyze and review produced documents.

13.    **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in

this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED**.

Dated: June 19, 2026

Respectfully submitted,

By: /s/ Adam B. Wolfson
Adam B. Wolfson (SBN 262125)
Sam Stephen Stake (SBN 257916)
Emma Barton (SBN 347777)
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6600
adamwolfson@quinnemanuel.com
samstake@quinnemanuel.com
emmabarton@quinnemanuel.com

Steig D. Olson (*pro hac vice*)
David Du LeRay (*pro hac vice*)
Nicolas Vernon Siebert (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan LLP
295 5th Avenue
New York, NY 10016
212-849-7152
steigolson@quinnemanuel.com

By: /s/ Julian Wolfe Kleinbrodt
Julian Wolfe Kleinbrodt (SBN 302085)
Gibson, Dunn & Crutcher LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
(415) 393-8382
jkleinbrodt@gibsondunn.com

Cynthia Richman (*pro hac vice*)
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W.
Washington, DC 20036-4504
(202) 955-8234
crichman@gibsondunn.com

Daniel Glen Swanson (SBN 116556)
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7340

davidleray@quinnemanuel.com
nicolassiebert@quinnemanuel.com

Michael B. Eisenkraft (*pro hac vice*)
Benjamin F. Jackson (*pro hac vice*)
Emily Marcus (*pro hac vice*)
Cohen Milstein Sellers & Toll PLLC
88 Pine Street,14th Floor
New York, NY 10005
212-838-7797
meisenkraft@cohenmilstein.com
bjackson@cohenmilstein.com
emarcus@cohenmilstein.com

Grace Ann Brew (*pro hac vice*)
Cohen Milstein Sellers & Toll PLLC
100 N. 18th Street, Suite 1820
Philadelphia, PA 19103
267-479-5700
gbrew@cohenmilstein.com

Nathaniel D. Regenold (*pro hac vice*)
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue NW, Suite 800
Washington, DC 20005
202-408-4600
nregenold@cohenmilstein.com

*Counsel for Plaintiff Proton AG and the
putative Classes*

Mindee J. Reuben (*pro hac vice*)
Daniel P. Margolskee (*pro hac vice*)
HAUSFELD LLP
325 Chestnut Street, Unit 900
Philadelphia, PA 19106
Telephone: (215) 985-3270
Facsimile: (215) 985-3271
mreuben@hausfeld.com
dmargolskee@hausfeld.com

Christopher L. Lebsock (SBN 184546)
Michael P. Lehmann (SBN 77152)
Samuel Maida (SBN 333835)
HAUSFELD LLP
580 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 633-1908
Facsimile: (415) 358-4980

dswanson@gibsondunn.com

*Counsel for Defendant Apple Inc.*

clebsock@hausfeld.com
mlehmann@hausfeld.com
smaida@hausfeld.com

Scott Martin (*pro hac vice*)
Gisela (Zelly) Rosa (*pro hac vice*)
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322
smartin@hausfeld.com
zrosa@hausfeld.com

*Counsel for Plaintiffs Korean Publishers Association, Korea Electronic Publishing Association, PangSky Co., Ltd., OverX Co., Ltd., and the putative Classes*

YoungKi Rhee (*pro hac vice*)
WE THE PEOPLE LAW GROUP
Chinyang Building, 7/F
47 Kyonggidae-ro, Seodaemun-gu
Seoul, South Korea 03752
Telephone: 82-2-2285-0062
ykrhee@wethepeople.co.kr

*Counsel for Plaintiff PangSky Co., Ltd. and the putative Classes*

Byung-Joo Lee (SBN 225384)
JIHYANG LAW FIRM
Seohee Tower, 7/F
2583 Nambusunhwan-ro
Seoul, Korea 06735
Telephone: 82-2-3476-6002
Facsimile: 82-2-3476-6607
bjlee@jihyanglaw.com

*Counsel for Plaintiffs Korean Publishers Association Korea Electronic Publishing Association, OverX Co., Ltd. and the putative Classes*

**Certification of Compliance with N.D. Cal. L.R. 5-1(i)(3)**

I hereby certify that pursuant to N.D. Cal. L.R. 5-1(i)(3), I have obtained the authorization from the above signatories to file the above-referenced document, and the above signatories concur in the filing's content.

By: /s/ *Adam B. Wolfson*

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated:  June 24, 2026_____

_____
Hon. Thomas S. Hixson
 U.S. MAGISTRATE JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, [print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *In re Apple App Developer Antitrust Litigation (Proton/KPA)*, Case No. 4:25-cv-04438-YGR (N.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. OPTIONAL: I hereby appoint [print or type full name] of [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____