*[Submitting Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

IN RE: APPLE APP DEVELOPER ANTITRUST LITIGATION (PROTON/KPA)

Case No. 4:25-cv-04438-YGR

**STIPULATED PROTOCOL AND ~~[PROPOSED]~~ ORDER REGARDING EXPERT DISCOVERY**

Hon. Yvonne Gonzalez Rogers

Pursuant to Civil Local Rule 7-12, Plaintiffs and Defendant (the "Parties"), by and through their undersigned counsel, hereby respectfully request that the Court enter the Parties' stipulation regarding the scope of discovery and testimony relating to all experts (testifying and non-testifying) and consultants, set forth below to govern expert discovery in the above-captioned case.

1. Expert Discovery. The Parties shall exchange written expert reports, as required under Federal Rule of Civil Procedure 26(a)(2), pursuant to the Scheduling Order governing this case (or as amended), except that:

a. The provisions of Federal Rule of Civil Procedure 26(b)(4)(C), as modified or limited herein, shall apply to expert discovery in this action, provided, however, that the term "considered" as used in Federal Rule of Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted to mean "relied upon." In addition, no expert or party is required to produce or describe on a privilege log and no party may seek discovery or disclosure of by any method (including by deposition): (i) any form of oral or written communications, correspondence, or work product shared among testifying expert(s), non-testifying expert(s), member(s) of an expert's staff that assisted the expert, and/or counsel and their agent(s); (ii) drafts of expert reports, agreements, expert affidavits, expert declarations, models, simulations, exhibits, studies, work papers, computations, calculations, compilations, or other types of preliminary work created by, for, or at the direction of an expert, regardless of the form in which the draft material is recorded; (iii) data formulations, data runs, data calculations, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report; or (iv) any notes or other writings made by, for, or at the direction of an expert. Nothing in this paragraph relieves an expert or party from the duty to identify the facts, data, and assumptions that the expert relied upon in forming his or her opinions, as provided for under Rule 26(b)(4)(C). In addition, notwithstanding the limitations in this Stipulation, an expert may be asked to respond to reasonable questions regarding the hourly rates of the expert and his or her staff, the amount of time an expert or that expert's staff has spent on the expert's report and associated work, and the amount of money billed for the report and associated work.

b. The Parties agree that the following materials shall be disclosed within three business days (but no more than four calendar days) of the day on which each expert report, affidavit,

or declaration is served: (i) copies of all materials relied upon by the expert in forming any opinions in his or her report, affidavit, or declaration; (ii) a list of all publications authored by the expert in the previous 10 years; (iii) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition, including tribunal and case number; and (iv) for all calculations appearing in the report, the raw, intermediate, and final electronic data set and programs underlying the calculations that were relied upon by the expert, including all programs and codes necessary to recreate the calculations from the data sets, except that no party need produce programs, software, or instructions that are commercially available at a reasonable cost. Where documents have previously been produced as part of the discovery in this matter, identification by Bates number is sufficient; as to other documents authored by or relied upon by the expert, documents that are readily available publicly must be identified—including, where possible, by URL—but need not be produced unless accessibility issues are identified by the receiving Party. All such disclosed materials should be produced electronically (via email, secure file transfer protocol, ShareFile, or similar means) to the extent practicable. With respect to trial and hearing expert demonstratives, the parties agree to separately negotiate a pre-trial or pre-hearing exchange of such demonstratives.

2. Format of Expert Discovery. No subpoena for documents or deposition testimony need be served on any individual based on his or her role as a testifying expert. Instead, the party who retained the testifying expert shall make the information available in accordance with Federal Rule of Civil Procedure 26(a)(2) and this Order and shall make the testifying expert available for a deposition at a date, time, and place mutually agreed upon by the parties.

3. Finality of Expert Evidence: Subject to the duties imposed by Federal Rule of Civil Procedure 26(a)(2)(E) and Rule 26(e)(2), a party may disclose a written expert report outside the times or sequences set forth in Federal Rule of Civil Procedure 26(a)(2)(D) only if it first moves and obtains the Court's leave to do so.

**IT IS SO STIPULATED.**

DATED: July 15, 2026

Respectfully submitted,

By: /s/ Michael B. Eisenkraft
Christopher L. Lebsock (SBN 184546)
Michael P. Lehmann (SBN 77152)
Samuel Maida (SBN 333835)
HAUSFELD LLP
580 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 633-1908
Facsimile: (415) 358-4980
clebsock@hausfeld.com
mlehmann@hausfeld.com
smaida@hausfeld.com

Mindee J. Reuben (*pro hac vice*)
Daniel P. Margolskee (*pro hac vice*)
HAUSFELD LLP
325 Chestnut Street, Unit 900
Philadelphia, PA 19106
Telephone: (215) 985-3270
Facsimile: (215) 985-3271
mreuben@hausfeld.com
kberan@hausfeld.com
dmargolskee@hausfeld.com

Scott Martin (*pro hac vice*)
Gisela (Zelly) Rosa (*pro hac vice*)
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322
smartin@hausfeld.com
zrosa@hausfeld.com

*Counsel for Plaintiffs Korean Publishers Association, Korea Electronic Publishing Association, PangSky Co., Ltd., OverX Co., Ltd., and the putative Classes*

By: /s/ Julian Wolfe Kleinbrodt
Julian Wolfe Kleinbrodt (SBN 302085)
Gibson, Dunn & Crutcher LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
(415) 393-8382
jkleinbrodt@gibsondunn.com

Cynthia Richman (*pro hac vice*)
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W.
Washington, DC 20036-4504
(202) 955-8234
crichman@gibsondunn.com

Daniel Glen Swanson (SBN 116556)
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7340
dswanson@gibsondunn.com

*Counsel for Defendant Apple Inc.*

YoungKi Rhee (*pro hac vice)*
WE THE PEOPLE LAW GROUP
Chinyang Building, 7/F
47 Kyonggidae-ro, Seodaemun-gu
Seoul, South Korea 03752
Telephone: 82-2-2285-0062
ykrhee@wethepeople.co.kr

*Counsel for Plaintiff PangSky Co., Ltd. and the putative Classes*

Byung-Joo Lee (SBN 225384)
JIHYANG LAW FIRM
Seohee Tower, 7/F
2583 Nambusunhwan-ro
Seoul, Korea 06735
Telephone: 82-2-3476-6002
Facsimile: 82-2-3476-6607
bjlee@jihyanglaw.com

*Counsel for Plaintiffs Korean Publishers Association Korea Electronic Publishing Association, OverX Co., Ltd. and the putative Classes*

Michael B. Eisenkraft (*pro hac vice*)
Benjamin F. Jackson (*pro hac vice*)
Emily B. Marcus (*pro hac vice*)
Cohen Milstein Sellers & Toll LLP
88 Pine Street,14th Floor
New York, NY 10005
212-838-7797
meisenkraft@cohenmilstein.com
bjackson@cohenmilstein.com
emarcus@cohenmilstein.com

Grace Ann Brew (*pro hac vice*)
Cohen Milstein Sellers & Toll LLP
100 N. 18th Street, Suite 1820
Philadelphia, PA 19103
267-479-5700
gbrew@cohenmilstein.com

Nathaniel D. Regenold (*pro hac vice*)
Cohen Milstein Sellers & Toll LLP
1100 New York Avenue NW, Suite 800
Washington, DC 20005
202-408-4600
nregenold@cohenmilstein.com

Steig D. Olson (*pro hac vice*)
David Du LeRay (*pro hac vice*)
Nicolas Vernon Siebert (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan LLP
295 5th Avenue
New York, NY 10016
212-849-7152
steigolson@quinnemanuel.com
davidleray@quinnemanuel.com
nicolassiebert@quinnemanuel.com

Adam B. Wolfson (SBN 262125)
Sam Stephen Stake (SBN 257916)
Emma Barton (SBN 347777)
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6600
adamwolfson@quinnemanuel.com
samstake@quinnemanuel.com
emmabarton@quinnemanuel.com

*Counsel for Plaintiff Proton AG and the putative Classes*

**~~[PROPOSED~~] ORDER**

PURSUANT TO THE ABOVE STIPULATION, IT IS SO ORDERED.

Dated: July 15, 2026

Hon. Thomas S. Hixson
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATION OF COMPLIANCE**

I hereby certify that pursuant to N.D. Cal. L.R. 5-1(i)(3), I have obtained the authorization from the above signatories to file the above-referenced document, and the above signatories concur in the filing's content.

*/s/ Michael B. Eisenkraft*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2026, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF and served a copy of the foregoing upon all counsel of record via the Court's electronic filing system.

*/s/ Michael B. Eisenkraft*